[No. 37832-5-I.  Division One.  April 14, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. FLOYD EDWARD BUNNER, *Appellant.*

*Kathryn A. Russell, James R. Dixon,* and *Nielsen & Acosta,* for appellant.

*James H. Krider, Prosecuting Attorney,* and *Seth Aaron Fine* and *David F. Thiele, Deputies,* for respondent.

COLEMAN, J. — Floyd Bunner was convicted of second degree rape of a child and ordered to pay restitution. The sole evidence presented at the restitution hearing was a DSHS medical recovery report listing medical services charged and amounts the State had paid. The State concedes that this evidence was insufficient to establish a causal connection between the crime and the victim's damages but argues that this court should affirm based on the presentence investigation report (PSI). The PSI was not, however, presented to the court at the restitution hearing, and Bunner therefore had no opportunity to contest it. We thus do not consider the PSI here. Without the PSI, the State failed to present sufficient evidence that the services provided related to the crimes committed. We reverse and remand.

After pleading guilty to rape of a child in the second degree, Bunner was sentenced on November 3, 1994, within the standard range and ordered to pay restitution, which was to be set by separate order. At the December 1, 1995, restitution hearing, Bunner received a new attorney. The State offered only a DSHS medical recovery report itemizing amounts the State paid for the victim's medical treatments and counseling, which totaled $13,554.96. While several providers were listed, Fairfax Hospital charges accounted for $10,549.14.

Defense counsel argued that the State had failed to prove that the damages factually related to Bunner's acts. The court determined that the evidence was sufficient by relying on the determination of the Office of Provider Services:

> [T]he Office of Provider Services made a judgment that these are funds that were, [sic] these were expenses that were necessitated by this crime, whether or not the proportionate amounts that were paid were because of limitation of funds or because of some indication of—or some adjudication of proximate cause, I have no idea, but it just seems to me that there has already been a determination made, at least by them paying out tax payer dollars, which they have the

obligation to protect, or paying out defender dollars, which they have the obligation to protect, that these are the amounts that should be assessed for this situation.

The State has included the PSI in the record on appeal. In the report, Community Corrections Officer Denise Hollenbeck reports that the victim's Child Protective Services caseworker, Diana Chesterfield, stated that the victim had been at Fairfax Hospital for several months. Chesterfield believed that "this psychiatric hospitalization was entirely a result of Bunner's sexual contact with the victim."

The sole question on appeal is whether the lower court violated Bunner's due process rights by ordering restitution based on insufficient evidence. Bunner argues that the State failed to prove that the medical treatments were causally related to the crime because the recovery report did not provide any explanation of services.

When restitution is authorized by statute, its imposition is generally within the trial court's discretion. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Restitution awards must, however, be based on a causal connection between the crime charged and the victim's damages. *State v. Vinyard*, 50 Wn. App. 888, 891, 751 P.2d 339 (1988); *see State v. Mead*, 67 Wn. App. 486, 491, 836 P.2d 257 (1992).

Here, the court relied upon the inference that DSHS's Office of Provider Services would not have paid the medical bills if they were not related to Bunner's crime. The court admitted, however, that it has "no idea" of how a causal relationship from the document alone is established. As the State concedes, this summary, which does not indicate why medical services were provided, fails to establish the required causal connection between the victim's medical expenses and the crime committed.

The State, however, argues that the PSI, relied upon for the first time on appeal, provides sufficient evidence of a causal relationship to sustain the restitution ordered for the Fairfax charges. The State claims that because defense

counsel never objected to the PSI, the PSI is "acknowledged" information on which the court could have relied. And that information includes a statement that the victim's psychiatric hospitalization at Fairfax was entirely a result of Bunner's sexual abuse. Thus, the State urges us to affirm the court's order of restitution for the Fairfax charges on this alternative theory. The State concedes that the rest of the charges cannot be sustained.

This court may generally affirm the lower court on any basis supported by the record. *See Ertman v. City of Olympia*, 95 Wn.2d 105, 108, 621 P.2d 724 (1980). But the PSI was not in the record at the restitution hearing, nor did anyone mention or refer to it. Moreover, the court's articulated basis for ordering restitution clearly indicates that it was not relying on the PSI.

To rely on the PSI on appeal, the State should have submitted it at the restitution hearing, thereby providing the defense with an opportunity to rebut it. Indeed, the causal connection that the PSI allegedly provides is merely a conclusory statement that the victim's Fairfax costs were a result of Bunner's abuse. Like an affidavit that provides only a rough estimate, the PSI may not comply with due process. *See State v. Kisor*, 68 Wn. App. 610, 619-20, 844 P.2d 1038, *review denied*, 121 Wn.2d 1023 (1993). Bunner should have had an opportunity to rebut such evidence or challenge its sufficiency.

The State argues that Bunner was provided an opportunity to object to the PSI at sentencing and his failure to do so constitutes an acknowledgment of that information. *See* CrR 7.1. Requiring the defendant to object to the PSI at sentencing based on conceivable objections the defendant may have to the report at the restitution hearing would be administratively burdensome. This is because a defendant may have no objection to the PSI for sentencing purposes, but a strenuous objection to the information for restitution purposes. Moreover, such a requirement is unnecessary because the State merely has to present the PSI at the restitution hearing.

In conclusion, we do not consider the PSI because it was not properly submitted below. And without it, the State's evidence is insufficient to connect the costs incurred with the crime.

Bunner raised a number of other issues in his opening brief. At oral argument, his attorney conceded that after filing the brief, the Supreme Court resolved these other issues in *State v. Hennings*, 129 Wn.2d 512, 519, 919 P.2d 580 (1996). We therefore need not address them here.

Reversed and remanded.

BECKER and COX, JJ., concur.