[No. 43165-0-I. Division One. March 27, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. EDGAR DENNIS III, *Appellant*.

*Eric Broman* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Carl A. Colasurdo, Deputy*, for respondent.

PER CURIAM — Edgar Dennis III pleaded guilty to three counts of third degree assault for allegedly assaulting

Seattle Police Officers Zsolt Dornay, Aaron Libby, and another officer. At the restitution hearing, the State established the required causal connection between Officer Dornay's injuries and Dennis's assault, but failed to establish a causal connection between Officer Libby's injuries and Dennis's assault. Nonetheless, the sentencing court ordered Dennis to pay $287.42 in restitution for medical expenses incurred by Officers Dornay and Libby. We affirm the sentencing court's $106.48 order for Officer Dornay's medical expenses, and vacate the sentencing court's $180.94 order for Officer Libby's medical expenses.

## FACTS

On October 21, 1997, the State charged Edgar Dennis III with third degree assault, alleging that Dennis knowingly assaulted three law enforcement officers while they were performing official duties on July 30, 1997. According to the State's Certification of Probable Cause, Seattle Police Officers Zsolt Dornay, Aaron Libby, and Sausman discovered marijuana and a nine-millimeter handgun in Dennis's car on July 30, 1997. The officers read Dennis his *Miranda*[1] rights and attempted to handcuff him. Dennis "threw a handful of coins at Officer Dornay striking him in the face[,] . . . pushed Officer Sausman towards the patrol car[,] . . . grabbed Officer Libby's left thumb and bent it backwards[, and] . . . ran into Officer Dornay injuring his knee." Clerk's Papers at 2. "Officer Dornay and Officer Libby were treated at Northwest Hospital for their injuries." *Id.*

On December 9, 1997, Dennis entered into a plea agreement with the State, in which he agreed to plead guilty and pay restitution to the victims "in full" in exchange for the State's promise to file no additional charges in this case. On January 26, 1998, the trial court accepted Dennis's plea and sentenced him within the standard range.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3d 974 (1966).

On July 13, 1998, the sentencing court held Dennis's restitution hearing. At this hearing, the State presented a letter from the King County Prosecuting Attorney's Office Victim Assistance Unit, averring that "Officers Dornay and Libby were treated at Northwest Hospital for their injuries." *Id.* at 34. In the next sentence, this letter stated that "Seattle Workers' Compensation paid $180.94 on Officer Libby's claim, and $106.48 on Officer Dornay's claim." *Id.* The State also presented a letter from a claims specialist at the City of Seattle Workers Compensation Unit, noting Officer Dornay's July 30, 1997 injury. Attached to this letter is the City of Seattle Workers Compensation Unit's payment history reports for Officer Dornay, reflecting an unpaid balance of $106.48, which it had paid to Northwest Hospital. Dennis objected to the State's evidence, contending that the State failed to prove that Dennis's offense caused the officers' injuries. Nonetheless, based on these documents,[2] the sentencing court ordered Dennis to pay a total of $287.42 in restitution for the two officers' medical expenses. Dennis appeals this order.

## DISCUSSION

### I. RESTITUTION ORDERS

Dennis contends that the sentencing court erred by ordering him to pay restitution to the two police officers he allegedly assaulted because the State failed to prove restitution at the sentencing court's hearing. The State concedes that it failed to establish restitution in Officer Libby's case.

■ ■ "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person" and whenever the offender agrees to pay restitution to his or her victims. RCW 9.94A.142(2). The State is obligated to establish the amount of restitution by a preponderance of the evidence. *State v. Burmaster*, 96

---

[2] In its oral ruling, the sentencing court stated that it also relied on "the hospital records on Officer Dornay." Report of Proceedings at 5. But the record on appeal contains no hospital records.

Wn. App. 36, 51, 979 P.2d 442 (1999), *review granted on other grounds*, 139 Wn. 2d 1014 (2000); *State v. Woods*, 90 Wn. App. 904, 907, 953 P.2d 834, *review denied*, 136 Wn. 2d 1021, 969 P.2d 1064 (1998); *see also* RCW 9.94A.370(2). The amount of restitution the offender must pay must be "based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury." RCW 9.94A.142(1). An appellate court will not disturb a sentencing court's restitution award absent an abuse of discretion. *State v. Enstone*, 137 Wn. 2d 675, 679, 974 P.2d 828 (1999).

■ Our Supreme Court has interpreted the restitution statute to require the sentencing court to "find that a victim's injuries were causally connected to a defendant's crime before ordering a defendant to pay restitution for the expenses which resulted." *Id.* at 682. "A causal connection is not established simply because a victim or insurer submits proof of expenditures[.]" *State v. Dedonado*, 99 Wn. App. 251, 257, 991 P.2d 1216 (2000). This is because it is often not possible to determine from such documentation whether all the costs incurred were related to the offender's crime. *Id.* Likewise, a summary of medical treatment that "does not indicate why medical services were provided[] fails to establish the required causal connection between the victim's medical expenses and the crime committed." *State v. Bunner*, 86 Wn. App. 158, 160, 936 P.2d 419 (1997).

In this case, Dennis was convicted of three counts of third degree assault after he allegedly caused injury to two of his three victims. In his plea agreement with the State, Dennis agreed to pay restitution "in full" to the victims of his offenses. Thus, the only issue at his restitution hearing was the amount he was required to pay as a result of his offenses. *See State v. Hunsicker*, 129 Wn. 2d 554, 559, 919 P.2d 79 (1996). Here, the sentencing court did not find that the police officers' injuries were causally connected to Dennis's assault as required by RCW 9.94A.142(1) and *Enstone*, 137 Wn. 2d at 682. Moreover, the documents produced by the State do not indicate why medical services

were provided to Officers Dornay and Libby. Nonetheless, the letter from the King County Prosecuting Attorney's Office Victim Assistance Unit and the State's Certification of Probable Cause both state that Officer Dornay and Officer Libby were treated at Northwest Hospital for their injuries. Likewise, the letter from the City of Seattle Workers Compensation Unit claims specialist referenced Officer Dornay's unpaid balance of $106.48 for the amount it had paid to Northwest Hospital. The claims specialist also noted that Officer Dornay's injury occurred on July 30, 1997, which is the same date the State contends that Dennis assaulted him.

Thus, the State established the required causal connection between Officer Dornay's injuries and Dennis's assault. Nonetheless, the only evidence the State presented regarding Officer Libby indicated that Officer Libby was treated at Northwest Hospital for injuries on an unknown date, incurring $180.94 in expenses. This evidence is not sufficient to establish a causal connection between Officer Libby's injuries and Dennis's assault. We therefore accept the State's concession and conclude that the sentencing court abused its discretion by ordering Dennis to pay $180.94 in restitution for Officer Libby's medical expenses. Accordingly, we affirm the sentencing court's $106.48 restitution order for Officer Dornay's medical expenses and reverse the sentencing court's $180.94 restitution order for Officer Libby's medical expenses.

## II. APPROPRIATE REMEDY

Dennis contends that the appropriate remedy upon reversal of a restitution order for failure of the State to present an adequate factual basis to support a restitution award is vacation of the restitution order. By contrast, the State argues that the remedy is remand for the consideration of additional evidence at a new restitution hearing that is limited to the issue of whether there was a causal connection between Dennis's offense and Officer Libby's

injuries. This very issue was decided by this court in *Dedonado*, 99 Wn. App. at 256-58 (vacating portions of the restitution order because the State failed to establish a causal connection between defendant's actions and the damages).

■■ "[U]nder the sentencing reform act, restitution is part of an offender's sentence and is primarily punitive in nature." *State v. Edelman*, 97 Wn. App. 161, 166, 984 P.2d 421 (1999). Nonetheless, restitution also "has a strong compensatory purpose" to provide reparation to victims. *Id.*; *State v. Mead*, 67 Wn. App. 486, 490, 836 P.2d 257 (1992). Notwithstanding court-ordered restitution, crime victims may pursue civil remedies against their offenders. RCW 9.94A.030(20), .140(5), .142(6). Indeed, victims are only able to obtain "damages resulting from mental anguish, pain and suffering, and other intangible losses" that normally require involved or sophisticated proof by bringing an action for civil damages. *State v. Lewis*, 57 Wn. App. 921, 925, 791 P.2d 250 (1990). But actions for personal injury are subject to a three-year statute of limitations. RCW 4.16.080(2).

The sentencing court must determine an offender's restitution amount at the sentencing hearing or within 180 days of sentencing unless the court extends this period for good cause. *State v. Tetreault*, 99 Wn. App. 435, 436-37, 998 P.2d 330 (2000); *see also* RCW 9.94A.142(1). If the court holds a restitution hearing and enters a restitution order after this time has expired, this court will vacate the restitution order. *Tetreault*, 99 Wn. App. at 436-37; *accord State v. Johnson*, 96 Wn. App. 813, 818, 981 P.2d 25 (1999). Moreover, if the State fails to establish a causal connection between defendant's actions and the damages, this court must vacate the restitution order. *Dedonado*, 99 Wn. App. at 257-58. The reason for this rule is that the State must not be given a further opportunity to carry its burden of proof after it fails to do so following a specific objection. *Cf. State v. McCorkle*, 137 Wn. 2d 490, 496, 973 P.2d 461 (1999) (refusing to allow the State to introduce new evidence on

remand to prove defendant's prior out-of-state convictions after the State failed to carry its burden of proof at sentencing).

In this case, the sentencing court held Dennis's restitution hearing and entered the restitution order within the 180-day limit as required by RCW 9.94A.142.[3] Thus, vacation of the order is not automatically required under *Tetreault*, 99 Wn. App. at 437-38, and *Johnson*, 96 Wn. App. at 818. But as discussed above, the State failed to establish the required causal connection between Officer Libby's injuries and Dennis's assault after Dennis specifically objected at the restitution hearing. Thus, vacation of the $180.94 portion of the order for Officer Libby's medical expenses is required following *Dedonado*, 99 Wn. App. 251.[4]

In sum, we affirm the sentencing court's $106.48 order for Officer Dornay's medical expenses, and vacate the sentencing court's $180.94 order for Officer Libby's medical expenses.

---

[3] The restitution hearing in this case was held 171 days after Dennis was sentenced (which was 168 days after Dennis's judgment and sentence was filed in superior court).

[4] We note that the statute of limitations on the officers' civil actions against Dennis expires in July 2000.