FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 MAR -4 AM 10: 39



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 67647-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY JOE FLETCHER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 4, 2013 |
| | ) | |

Lau, J. — Terry Fletcher appeals a restitution order following his guilty plea for two counts of first degree theft. He argues the trial court abused its discretion when it ordered restitution in an amount unsupported by substantial evidence. Finding no error, we affirm.

## FACTS

In June 2010, Terry Fletcher pleaded guilty to two counts of first degree theft. As part of the plea agreement, Fletcher stipulated that the facts set forth in the certification for determination of probable cause were real and material facts for sentencing purposes and acknowledged that the State would be seeking restitution from him.

The certification for determination of probable cause establishes the following facts. In 2007, Fletcher presented himself as the general contractor and registered owner of Northwest Construction and HVAC Company and contracted to perform over $400,000 of construction work for Southside Church of Christ (SCC). Between April 2007 and August 2008, SCC paid Northwest Construction and HVAC Company $197,183.26 in checks. SCC also wrote joint checks to Northwest Construction and HVAC Company and various suppliers for $201,739.58.

Herman Snoddy, an elder at SCC, told special agent Frank Fulton that Fletcher "either did poor quality work or did not work at all for some of the money paid to him under the name of Northwest Construction and HVAC Co." Fulton also discovered that Fletcher collected over $35,000 in retail sales tax for the SCC work and never remitted that sales tax to the Washington Department of Revenue as required by law. Further investigation revealed that Northwest Construction and HVAC Company was dissolved in May 2007 and, thus, Fletcher was unlawfully acting as the agent of an invalid corporation.

In his guilty plea agreement, Fletcher also agreed to pay restitution "in full to the victim(s) on [the] charged counts" and to pay restitution "to [SCC] for all losses related to unfinished + inadequate construction work." The court sentenced Fletcher to concurrent 12-month sentences in the King County work/education release program and ordered him to pay restitution as determined at a future hearing.

Several interim hearings[1] and the State's restitution submissions elicited the following additional information. SCC hired Merit Mechanical to complete Fletcher's unfinished and inadequate construction work. Merit Mechanical indicated it received $138,009 as payment for completing Fletcher's unfinished work and for repairing inadequate work.[2] SCC's records indicated it paid Merit Mechanical over $185,000. At the final restitution hearing, the trial court noted the discrepancy between Merit Mechanical's statement and the amount SCC claimed it paid and took "the conservative approach," ordering $138,000 in restitution for the amount SCC paid to Merit Mechanical. RP (Aug. 3, 2011) at 21. The court also ordered restitution for "the amounts claimed for the vendors where there is actual documentation."[3] RP (Aug. 3, 2011) at 22. The State and the defense provided the court with an agreed total restitution amount of $149,502.35, with the exact dollar figure supplied by defense counsel on the record. The court entered an order for that amount.

---

[1] The trial court held several postsentencing hearings. The final restitution hearing was postponed several times to allow the parties more time to gather evidence.

[2] The State submitted Merit Mechanical's project description. According to the description, SCC hired Merit Mechanical to complete "the mechanical installation that had not been finished." Appellant's Br. at App. B. SCC also asked Merit Mechanical to correct and repair improper or inadequate construction done by "[t]he previous contractor [Fletcher]." Appellant's Br. at App. B. Merit Mechanical "performed the work on the original portion including repairs to the existing equipment and added refrigeration piping in the amount of $138,009.00." Appellant's Br. at App. B.

[3] These amounts included two documented expenses for QuickTin Inc., two documented expenses for Thrifty Supply, and one documented expense for Johnson-Barrow Inc.

ANALYSIS

Fletcher contends the trial court's restitution order was not supported by substantial evidence because the State failed to prove a causal connection between SCC's expenses and Fletcher's incomplete or inadequate construction work. The State counters that the restitution award was causally connected to Fletcher's crimes and supported by substantial evidence.

The trial court's power to impose restitution is derived solely from statute. State v. Enstone, 137 Wn.2d 675, 682, 974 P.2d 828 (1999). Where the trial court has authority to order restitution, it has discretion to determine the amount of restitution. State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Its decision will be overturned only for an abuse of discretion. Davison, 116 Wn.2d at 919. A court abuses its discretion when the restitution decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Enstone, 137 Wn.2d at 679-80 (internal quotation marks omitted) (quoting State v. Cunningham, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)).

RCW 9.94A.753(5) provides, "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property . . . ." Costs that a victim incurs as the result of a defendant's crimes have been determined a loss of property under the restitution statute. State v. Tobin, 161 Wn.2d 517, 526-27, 166 P.3d 1167 (2007). "There must be a causal connection between the damages claimed and the crime charged. The Court of Appeals has required only a determination that "but for" the crime, the damages would not have

-4-

occurred, and we have made it clear that foreseeability is not required." <u>Tobin</u>, 161 Wn.2d at 527.

"If a defendant disputes the restitution amount, the State must prove the damages by a preponderance of the evidence." <u>State v. Griffith</u>, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The amount of restitution must be based on "easily ascertainable" damages. RCW 9.94A.753(3). Easily ascertainable damages are tangible damages supported by sufficient evidence. <u>State v. Tobin</u>, 132 Wn. App. 161, 173, 130 P.3d 426 (2006), <u>aff'd</u>, 161 Wn.2d 517, 166 P.3d 1167 (2007). Once the State establishes the fact of damage, "the <u>amount</u> need not be shown with mathematical certainty." <u>State v. Mark</u>, 36 Wn. App. 428, 434, 675 P.2d 1250 (1984). While certainty of damages need not be proved with specific accuracy, the evidence must be sufficient to provide a reasonable basis for estimating loss. <u>State v. Pollard</u>, 66 Wn. App. 779, 785, 834 P.3d 51 (1992). Evidence that subjects the trier of fact to speculation or conjecture is insufficient. <u>Pollard</u>, 66 Wn. App. at 785.

Fletcher cites <u>State v. Dennis</u>, 101 Wn. App. 223, 6 P.3d 1173 (2000), and <u>State v. Bunner</u>, 86 Wn. App. 158, 936 P.2d 419 (1997), for the proposition that "[t]he mere existence of a list of expenses is insufficient to establish the necessary causal connection." Appellant's Br. at 8. Those cases are distinguishable. In <u>Dennis</u>, the defendant was convicted of assaulting three police officers. <u>Dennis</u>, 101 Wn. App. at 225. The trial court ordered him to pay restitution for two of the officers' injuries. <u>Dennis</u>, 101 Wn. App. at 225. The only evidence the State presented regarding one of the officers indicated that the officer was treated at a hospital for injuries on an unknown date, incurring $180.94 in expenses. <u>Dennis</u>, 101 Wn. App. at 228. We accepted the

State's concession that the evidence failed to establish a causal connection as to that officer. Dennis, 101 Wn. App. at 228.

In Bunner, the defendant was convicted of second degree rape of a child and ordered to pay restitution for the child's injuries. Bunner, 86 Wn. App. at 159. The sole evidence produced at the restitution hearing was a medical recovery report listing medical services charged and amounts the State had paid for those services. Bunner, 86 Wn. App. at 159. The State conceded this evidence was insufficient to establish a causal connection between the crime and the victim's damages. Bunner, 86 Wn. App. at 159. But the State argued we should consider on appeal a presentence investigation report (PSI) that it failed to present to the trial court at the restitution hearing. Bunner, 86 Wn. App. at 159. We declined to consider the PSI because it was not presented below, and we reversed the trial court's restitution award because, by the State's own concession, the medical report was "insufficient to connect the costs incurred with the crime." Bunner, 86 Wn. App. at 162.

Unlike in Dennis and Bunner, here, the evidence consisted of more than a mere list of expenses. As discussed above, Fletcher pleaded guilty to the crimes "as charged in the . . . 1st amended information." He admitted that he "did take property from [SCC] by color and aid of deception with the intent to deprive them of their property. The property was worth over $1500." In the felony plea agreement, Fletcher stipulated to the facts set forth in the certification for determination of probable cause, including the fact that he either performed poor quality work or failed to work at all for some of the money SCC paid him. The State thus established the fact of damage—meaning "the amount need not be shown with mathematical certainty." Mark, 36 Wn. App. at 434.

Fletcher expressly agreed to pay restitution "in full" to the victims, including restitution to SCC "for all losses related to unfinished + inadequate construction work." In ordering restitution, the trial court considered documentation from SCC, Merit Mechanical, and various other vendors. Merit Mechanical's project description detailed the $138,009 it received from SCC for "complet[ing] the mechanical installation that had not been finished," including repairing Fletcher's inadequate work. Appellant's Br. at App. B. This documentation and Fletcher's plea agreement support the court's restitution order. The court expressly declined to order any amount SCC requested that was undocumented or unsupported.

The certification for determination of probable cause and the facts elicited at the restitution hearing provided the trial court with a reasonable basis for awarding restitution. The trial court did not abuse its discretion when it ordered Fletcher to pay $149,502.35 in restitution to reimburse SCC and various vendors for losses resulting from his incomplete or inadequate construction work.

## CONCLUSION

Because the State presented sufficient evidence to support the restitution order, the trial court did not abuse its discretion in awarding restitution. We affirm.

WE CONCUR:

_____

Spearman, A.C.J.

Becker, J.

-7-