IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32861-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE S. JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — A trial court generally must impose restitution whenever an

offender is convicted of an offense that results in injury to a person or damage to

property. RCW 9.94A.753(5). Jesse Johnson pleaded guilty in 2014 to vehicular assault,

possession of a stolen vehicle, attempt to elude a police vehicle, and failure to remain at

the scene of an accident. After a hearing, the court imposed restitution totaling $42,058

for injuries to a driver in another truck, for injuries to Mr. Johnson's passenger, and for

damage to the other driver's truck. Mr. Johnson contends the State failed to present

sufficient evidence to support restitution for the truck driver's medical expenses. We find

adequate evidence in the record to support the award, and affirm.

No. 32861-9-III
*State v. Johnson*

## FACTS

While attempting to elude Spokane County deputies on October 1, 2012, Mr. Johnson crashed a stolen vehicle into a truck driven by William Clary. The collision injured Mr. Clary and Mr. Johnson's passenger, Tiffany Otto, and totaled Mr. Clary's truck. As part of a plea agreement, Mr. Johnson agreed to pay restitution.

The State sought restitution for Mr. Clary's and Ms. Otto's medical expenses and for the truck's damages. Mr. Clary's insurance company requested $4,604 for Mr. Clary's medical expenses and $35,300 for vehicle damage. At the restitution hearing, Mr. Johnson challenged the award for Mr. Clary's medical expenses, arguing that the State presented no evidence that the treated injuries arose from the accident. The sentencing court considered a certificate by Mr. Clary and documents prepared by the insurance company that identified the claim numbers and the payees for medical services. The court found sufficient evidence to establish the relationship between the accident and the amount spent to treat Mr. Clary's injuries. Mr. Johnson appeals solely the restitution award of $4,604 for Mr. Clary's medical expenses.

## ANALYSIS

The authority to impose restitution is entirely statutory. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). Under the relevant portions of RCW 9.94A.753(3), restitution must be based on "actual expenses incurred for treatment for injury to persons" and cannot exceed "double the amount of the offender's gain or the victim's

2

loss from the commission of the crime." The State must prove the amount of restitution by a preponderance of the evidence. *Tobin*, 161 Wn.2d at 524. Although restitution need not be proved with specific accuracy, the evidence must afford a reasonable basis for estimating damages. *State v. Dedonado*, 99 Wn. App. 251, 256, 991 P.2d 1216 (2000). Additionally, the State must show a causal connection between the crime and the victim's damages. *Id.* We review the trial court's order of restitution for abuse of discretion. *Tobin*, 161 Wn.2d at 523.

Citing *State v. Bunner*, 86 Wn. App. 158, 936 P.2d 419 (1997), Mr. Johnson contends the State's documentation merely establishes medical expenses for unspecified services on unspecified dates, without indicating how the services relate to the collision caused by Mr. Johnson. In *Bunner*, the defendant pleaded guilty to second degree rape of a child. At the restitution hearing, the State offered only a medical summary itemizing the amounts the State paid for the victim's medical treatments and counseling. When defense counsel objected that the evidence failed to prove that the damages factually related to the defendant's acts, the court responded that it was enough that the office of provider services had made a determination that the expenses were necessitated by the crime. *Id.* at 159-60. In other words, the trial court relied on an inference that the office of provider services would not have paid the medical expenses if they were not related to the crime. *Id.* at 160. Moreover, the trial court admitted that it had no idea how the documentation alone could establish a causal relationship. *Id.* Even the State in *Bunner*,

3

admitted that the summary, which did not indicate why the medical services were provided, failed to establish a causal connection between the victim's medical expenses and the crime committed.

Here, unlike in *Bunner*, the State provided more than a summary of the medical expenses paid. Mr. Clary signed a certification that Travelers Home and Marine Insurance Company was managing his claim, "which was a direct result of the collision involving the defendant Mr. Johnson on October 1, 2012." Clerk's Papers (CP) at 30. A Travelers employee certified that Travelers paid collision costs and medical costs on behalf of Mr. Clary, who "suffered physical injuries when he was the driver of a vehicle struck by Mr. Johnson . . . as outlined in the probable cause affidavit." CP at 31. Travelers submitted a file indicating that medical expenses were paid for Mr. Clary, with a loss date of October 1, 2012, and that the "Responsible Party" was Mr. Johnson. CP at 37. The payment details included $145.66 for Inland Imaging (X-ray) services, another $83.52 for Inland Imaging services, $3,694.10 for Holy Family Hospital, and $681.00 for emergency physician services.

This documentation establishes that Travelers paid medical expenses for a covered loss that occurred on October 1, 2012. And that "loss" was injury to Mr. Clary caused by Mr. Johnson colliding with Mr. Clary's truck. Although the specific medical treatments used at Holy Family Hospital were not detailed in the documentation, sufficient evidence was provided to establish that the expenses were actually caused by the collision. The

4

No. 32861-9-III
*State v. Johnson*

State met its burden to show causation with a preponderance of the evidence.

Accordingly, the trial court did not abuse its discretion in awarding restitution for Mr.

Clary's medical expenses.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

5