# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>              Respondent,<br><br>    v.<br><br>JACOB D. GREGAN,<br><br>              Appellant. | No. 74437-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: March 6, 2017 |



LEACH, J. — Jacob Gregan appeals the trial court's restitution order following his assault conviction. He claims the State failed to show that his crime caused the losses the court ordered him to pay. Because the trial court lacked a reasonable basis to estimate some of the losses Gregan caused, we vacate the restitution order and remand.

## Background

On February 13, 2015, Gregan assaulted his ex-partner in his apartment.[1] She fled, and Gregan followed her. Police officers arrived to find the two arguing in the building's stairwell. Gregan walked away from the officers. They told him to stop, but he left the building. When the officers caught up to Gregan, he raised his hands as if to surrender. But as one of them—Officer Shier—grabbed Gregan to take him into custody, Gregan charged him with his shoulder and head-butted him

---

[1] Gregan's plea agreement stipulated to the facts in the certification for determination of probable cause.

on the side of the head. Shier's head snapped back, and he saw a "'flash of light.'"[2] Gregan fled, but Shier and three other officers apprehended him, against his resistance, a block away.

All four officers received treatment at Harborview Medical Center for injuries they sustained in the arrest. Shier said he felt "'dazed'" from Gregan's head-butt.

Gregan pleaded guilty to two counts of fourth degree assault. He agreed to pay restitution "to any victims who lost money or property as a result of crimes [he] committed." The trial court ordered him to pay restitution in an amount it would determine at a restitution hearing.

At the hearing, the State requested $2,235.16 in restitution. It submitted six documents: an e-mail from a city workers' compensation claims analyst with an attached workers' compensation payment report, a bill from Harborview Medical Center, and three health insurance claim forms. The report listed payments to several medical companies for services for Shier on February 13-14, 17, and 20, and March 2. The services provided February 13-14 cost $ 701.59. The other services cost $495.75. The report also listed two payments to Officer Shier totaling $1,037.82. Handwriting on the printed report states that those payments were for missed work from February 17-22, 2015. Each health insurance claim form identified the reason for treatment as injuries suffered on February 13, 2015.

---

[2] Gregan later admitted he "intentionally hit Officer Shier on the forehead when [he] was being arrested."

At the restitution hearing, Gregan's counsel agreed that Officer Shier was treated at Harborview the day of the assault. He challenged the sufficiency of the information before the court to support the rest of the State's restitution request.

No witnesses testified at the restitution hearing, and the State submitted no declarations.[3] The record does not disclose the identity of the author of the handwriting on the report.

The trial court nonetheless found "a sufficient nexus between the requested restitution and . . . the documentation that's provided." It accordingly found the requested amount of restitution appropriate and ordered Gregan to pay it.[4] Gregan appeals.

### Standard of Review

Where a statute authorizes a type of restitution, we review the restitution order for abuse of discretion.[5] The trial court abuses its discretion in applying an incorrect legal analysis or committing another error of law.[6]

---

[3] The State acknowledged its dearth of evidence at the hearing. Counsel explained that she had recently been assigned the case and "it's nearly impossible to get medical records in under a week." She further stated that she tried to contact Officer Shier but "did not hear back." Counsel for Gregan countered that she made multiple requests for the medical records before the State's current counsel took the case.

[4] In finding causation, the trial court noted the "fairly tight time period" of the billings. It also assumed that the city would not have paid Shier's worker's compensation claim unless the injury was caused by the incident.

[5] State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

[6] State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).

Analysis

Restitution Order

Gregan contends that the trial court abused its discretion in ordering him to pay $2,235.16 in restitution for Officer Shier's medical bills and six days of missed work. We agree in part.

The legislature designed the restitution statute to promote respect for the law by providing just punishment.[7] "Restitution is an integral part of sentencing, and it is the State's obligation to establish the amount."[8] Due process requires the trial court to allow the defendant to refute evidence at a restitution hearing.[9] It also requires the court to base the restitution amount on reasonably reliable evidence.[10]

In determining that amount, the trial court may rely only on facts admitted in the plea agreement or proved at a hearing.[11] By statute, the court must base its restitution order on only "easily ascertainable damages for injury to or loss of property," actual expenses to treat injuries, and lost wages that result from injuries.[12]

The State need not establish the amount of loss "'with specific accuracy,'" but it must support its claim with "'substantial credible evidence.'"[13] "'Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss

---

[7] Davison, 116 Wn.2d at 922.
[8] State v. Dedonado, 99 Wn. App. 251, 257, 991 P.2d 1216 (2000).
[9] State v. Kisor, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993).
[10] Kisor, 68 Wn. App. at 620.
[11] Dedonado, 99 Wn. App. at 256.
[12] RCW 9.94A.753(3).
[13] State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008) (quoting State v. Fleming, 75 Wn. App. 270, 274-75, 877 P.2d 243 (1994)).

and does not subject the trier of fact to mere speculation or conjecture.'"[14] Where a "defendant disputes facts relevant to determining restitution, the State must prove the damages . . . by a preponderance of the evidence."[15]

Courts may order restitution "only for losses that are causally connected to a crime."[16] Courts ask whether, "but for" the crime, the victim would not have suffered the loss.[17] "A causal connection is not established simply because a victim or insurer submits proof of expenditures."[18] And "a summary of medical treatment that 'does not indicate why medical services were provided[ ] fails to establish the required causal connection between the victim's medical expenses and the crime committed.'"[19]

In State v. Hahn,[20] Division Two remanded restitution orders because the State failed to provide enough evidence for the trial court "to estimate losses by a preponderance of the evidence without speculation or conjecture." The defendant assaulted two victims, causing them severe injuries. The State submitted a summary report listing the amounts the State had paid to different medical providers. Division Two reasoned that although the evidence showed that the victims sustained substantial injuries, the State submitted "no statement linking the

---

[14] State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005) (internal quotation marks omitted) (quoting State v. Hughes, 154 Wn.2d 118, 154, 110 P.3d 192 (2005)).

[15] Kinneman, 155 Wn.2d at 285.

[16] Kinneman, 155 Wn.2d at 286.

[17] Griffith, 164 Wn.2d at 966.

[18] Dedonado, 99 Wn. App. at 257.

[19] State v. Dennis, 101 Wn. App. 223, 227, 6 P.3d 1173 (2000) (alteration in original) (quoting State v. Bunner, 86 Wn. App. 158, 160, 936 P.2d 419 (1997)).

[20] 100 Wn. App. 391, 400, 996 P.2d 1125 (2000).

charged amounts to any particular symptoms or treatments."[21] The medical reports for one victim contained "the name of the service provider, the service date, date paid, billed amount and amount paid." For the other victim, "again the record merely identifie[d] numerous medical services rendered either on the date of the crime or shortly thereafter."[22] Division Two found this record insufficient to establish causation.[23]

This court reached the opposite conclusion for one victim in State v. Dennis.[24] The trial court ordered the defendant to pay restitution for injuries to Officer Dornay. A letter from the prosecutor and the certificate of probable cause stated that Dornay received treatment for his injuries at Northwest Hospital. The State also presented a letter from the City of Seattle Workers Compensation Unit that referred to an unpaid balance of $106.48, the amount the city had paid Northwest Hospital to treat Dornay's injuries. The city's letter also noted the date Dornay's injury occurred, which was the same day the defendant assaulted him. This court found that together the letters "established the required causal connection between Officer Dornay's injuries and Dennis's assault."[25]

---

[21] Hahn, 100 Wn. App. at 399-400.

[22] Hahn, 100 Wn. App. at 400.

[23] Hahn, 100 Wn. App. at 400.

[24] 101 Wn. App. 223, 227-28, 6 P.3d 1173 (2000).

[25] Dennis, 101 Wn. App. at 228. Dennis also challenged the order that he pay restitution to a second officer, Libby. The prosecutor's letter stated that Libby was also treated at Northwest Hospital. But unlike for Dornay, the State did not submit evidence establishing the date Libby was treated. The State conceded that it failed to establish restitution for Libby. Dennis, 101 Wn. App. at 226, 228.

As in Hahn, the record here contains "no statement linking the charged amounts for services after February 14 to any particular symptoms or treatments."[26] The report in Hahn listed only the service provider, dates, and dollar amounts. Here, the pertinent documents similarly state facility names, dates of treatment, date of injury, and costs. But they do not describe the services provided, any diagnoses, or drugs prescribed.[27] As in Hahn, the victim did not testify or submit a declaration describing his injuries and treatment.[28]

We distinguish the State's evidence here from that in Dennis. Unlike the victim in Dennis, who received restitution for treatment on only one date, which corresponded with the date of his injury, Officer Shier received treatment on four separate occasions.[29] The State did not present evidence to connect any treatment after February 14 with the assault; without "'indicat[ing] why medical services were provided[ ],'"[30] the dates on the insurance claim forms are not substantial credible evidence of such a connection.

With only a summary list of expenses and three claim forms—each lacking diagnostic information or other details to link Shier's treatment to the crime—the trial court lacked a reasonable basis to order restitution for Shier's medical expenses on February 17 and 20 and March 2.

---

[26] Hahn, 100 Wn. App. at 399-400.

[27] While such information may be contained in the various codes used in the payment report and health insurance forms, the State provided no explanation of those codes.

[28] See Hahn, 100 Wn. App. at 399-400.

[29] See Dennis, 101 Wn. App. at 227-28.

[30] Dennis, 101 Wn. App. at 227 (second alteration in original) (quoting Bunner, 86 Wn. App. at 160).

The record contains even less evidence to connect the assault to Shier's lost wages. As noted above, Shier did not testify or sign an affidavit regarding his injuries. The only information about them comes from the certification for determination of probable cause, which states that Gregan head-butted Shier, causing his head to snap back, that Shier saw a "'flash of light,'" and that he later said he felt "'dazed.'" The State's only evidence of Shier's missed work days relies on handwritten notes of unknown origin on the worker's compensation report. Without testimony from Shier or medical documentation, this evidence is insufficient to support a finding that Gregan's head-butt caused Shier to miss six days of work beginning four days later.

The State had the burden of proving the restitution amount, including a causal connection.[31] The record before us lacks substantial credible evidence that Gregan's assault caused Shier to incur some of the claimed losses. The trial court therefore abused its discretion in ordering restitution for the amount the State requested.

Appellate Costs

Gregan also asks this court to use its discretion to deny any appellate costs the State may request as prevailing party. We do not decide this question because Gregan substantially prevails on appeal.[32]

---

[31] Dedonado, 99 Wn. App. at 257.
[32] See RAP 14.2.

## Conclusion

Because the State failed to present substantial credible evidence that Gregan caused $2,235.16 in losses, we vacate the order and remand for further proceedings consistent with this opinion. Because the parties did not adequately brief the issue of whether the State may submit additional evidence on remand, we leave that question for the trial court to decide on remand.[33]

_Leach, J._

WE CONCUR:

_Verellen_

_Spearman, J._

---

[33] See Griffith, 164 Wn.2d at 968 & n.6 (remanding while finding that parties could not introduce new evidence because statute requires court to determine restitution amount within 180 days of sentencing) (citing RCW 9.94A.753(1)); Dennis, 101 Wn. App. at 229-30 (vacating restitution without remand because State could not have second opportunity to carry burden of proof as to causation).