# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                           Respondent,<br><br>     v.<br><br>MICAH AMIEL HERRERA,<br><br>                           Appellant. | No. 51611-0-II<br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Micah Herrera appeals an order amending the amount of restitution following his conviction of third degree assault (domestic violence). We affirm the trial court's amended restitution order.

## FACTS

On July 28, 2016, Herrera pleaded guilty to one count of third degree assault arising from an incident involving his former girlfriend. The judgment and sentence set restitution at $100, subject to modification.

In October 2016, the trial court held a restitution hearing to address modification of the restitution order. The State submitted a declaration from Kim Vincent, a claims manager for the Crime Victims Compensation Program (CVCP) of the Department of Labor and Industries (DLI). Vincent stated that the CVCP had made time loss payments of $7,939.70 to Herrera's victim and that the claim remained open and costs may increase. The trial court entered a

modified restitution order setting the amount at $7,939.70 payable to the CVCP, subject to modification.

In June 2017, Herrera filed a motion to set aside the amended restitution order. He argued that the order was invalid because he had not received notice of the amount of CVCP payments made as required under RCW 7.68.120(2)(a) and because he received no notice of the restitution hearing. The court did not immediately rule on the motion.

In August, the State filed another motion for restitution. The motion was based on another declaration of Vincent showing CVCP time loss payments of $12,026.42. The declaration attached a ledger showing the time periods for which time loss was paid and the amounts. The declaration also stated, "All services authorized were related to the injuries inflicted as a result of the criminal act of May 15, 2016." Clerk's Papers at 89. Herrera subsequently filed a supplemental memorandum in support of his motion to set aside the previous restitution order.

The trial court held a hearing on Herrera's motion to set aside the restitution order and the State's motion to modify the restitution order. The court granted the State's motion to modify the restitution order and denied Herrera's motion to set aside the restitution order. The trial court ruled that Vincent's declaration showed easily ascertainable damages related to Herrera's offense and therefore that restitution was appropriate under RCW 9.94A.753(3). The trial court entered an amended order of restitution changing the amount that Herrera was required to pay in restitution from $7,939.70 to $12,026.

Herrera appeals the trial court's amended restitution order.

ANALYSIS

A.    LEGAL PRINCIPLES

The trial court's authority to order restitution derives from statutory provisions. *State v. Gray*, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012). RCW 9.94A.753(5)[1] states, "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property" absent extraordinary circumstances. Under RCW 9.94A.753(3), restitution "shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury."

The State generally must prove the amount of restitution by a preponderance of the evidence. *State v. Deskins*, 180 Wn.2d 68, 82, 322 P.3d 780 (2014). The claimed amount of restitution must be supported by substantial evidence. *Id.* Evidence is sufficient if it provides a reasonable basis for estimating the loss and does not require the court to engage in speculation or conjecture. *Id.* at 82-83. The trial court can consider a broad range of evidence, including hearsay. *Id.* at 83.

In addition, restitution can be ordered only for losses that are causally connected to the defendant's offense. *State v. Tobin*, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007). The State must show that but for the offense, the losses would not have occurred. *Id.* at 524, 527. Proof of expenditures is not necessarily sufficient to show a causal connection "because it is often not possible to determine from such documentation whether all the costs incurred were related to the offender's crime." *State v. Dennis*, 101 Wn. App. 223, 227, 6 P.3d 1173 (2000).

---

[1] RCW 9.94A.753 was amended in 2018, but the amendments did not affect the subsections referenced in this opinion. Therefore, we cite to the current version of the statute.

RCW 9.94A.753(7) provides an additional rule for CVCP payments: "Regardless of the provisions of subsections (1) through (6) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW." Under this section, if the trial court does *not* order restitution and the crime victim has received crime victim benefits, DLI may petition the court for entry of a restitution order within one year after entry of the judgment and sentence. RCW 9.94A.753(7). For imposition of restitution under this section, no finding of a causal connection between the benefits paid and the offense is required. *State v. McCarthy*, 178 Wn. App. 290, 300-301, 313 P.3d 1247 (2013).

Restitution initially must be ordered within 180 days of sentencing. RCW 9.94A.753(1). But once restitution has been ordered, the trial court can modify the total amount of restitution during any time the offender remains under the court's jurisdiction. RCW 9.94A.753(4); *see Gray*, 174 Wn.2d at 926.

We review a trial court's restitution order for an abuse of discretion. *Deskins*, 180 Wn.2d at 77. A trial court abuses its discretion when ordering restitution is manifestly unreasonable or based on untenable grounds or reasons. *See id.* Application of an incorrect legal analysis or making an error of law also can constitute an abuse of discretion. *Tobin*, 161 Wn.2d at 523.

B. RESTITUTION UNDER RCW 9.94A.753(3)

Herrera argues that the CVCP declaration was insufficient evidence to allow the trial court to order restitution under RCW 9.94A.753(3). We disagree.

1. Sufficiency of Evidence

The State's only evidence submitted in support of restitution was Vincent's declaration, which stated that (1) the CVCP had paid certain amounts for time loss and (2) all payments related to the injuries Herrera inflicted. Herrera argues that this evidence was insufficient

because the State did not provide any specific corroborating evidence regarding the victim's injuries, her income before the offense, and the loss of any wages.

But Vincent's declaration provided "easily ascertainable damages for . . . lost wages" as required under RCW 9.94A.753(3) as well as a causal connection between the offense and the payments. Vincent attached a ledger showing that the CVCP paid specific amounts of lost wages related to particular periods of time. And Vincent represented that the time loss resulted from Herrera's criminal act.

Cases that have reversed restitution orders based on lists of expenditures have done so not because the lists were not sufficient to establish ascertainable damages, but because there was no evidence of causation. See *Dennis*, 101 Wn. App. at 226-28 (2000) (list of medical expenses); *State v. Hahn*, 100 Wn. App. 391, 397-400, 996 P.2d 1125 (2000) (list of DSHS expenditures); *State v. Bunner*, 86 Wn. App. 158, 159-60, 936 P.2d 419 (1997) (DSHS medical recovery report). Here, Vincent's declaration clearly provided evidence of causation.

Herrera points out that the State could have presented more detailed evidence regarding the victim's lost wages. But these arguments go to the persuasiveness of the State's evidence, not its sufficiency. The amount of restitution need not be shown with specific accuracy. *Hahn*, 100 Wn. App. at 398.

We hold that the evidence was sufficient for the trial court in the exercise of its discretion to order restitution under RCW 9.94A.753(3).

2. Violation of Due Process

Herrera argues that the trial court violated his right to due process because he had no meaningful opportunity to challenge DLI's payments. He claims that DLI was required to follow the notice requirements of RCW 7.68.120(2)(a) for imposing an obligation on an offender

5

to reimburse DLI for crime victim payments before those payments could be used as evidence in a restitution hearing.

RCW 7.68.120(1) states that a payment of crime victim benefits "creates a debt due and owing to [DLI] by any person found to have committed the criminal act." Under RCW 7.68.120(2)(a), DLI can obtain direct reimbursement from a person found to have committed the criminal act by issuing a notice of debt owing, serving that notice on the offender, and giving the offender 30 days to request a hearing.

However, this statute provides an *alternative* method for DLI to recover crime victim benefits it has paid. If the court has ordered restitution, DLI need not rely on RCW 7.68.120 to collect crime victim benefits it has paid.

In *McCarthy*, 178 Wn. App. at 302, this court noted that the notice of debt owing provisions in RCW 7.68.120(2)(a) affords defendants the opportunity to object to a determination made by the CVCP. But a restitution hearing also provides that opportunity.

Here, the State's motion to modify restitution gave Herrera notice of the amount of CVCP payments being claimed. The trial court held a restitution hearing in which Herrera had the right to call witnesses, challenge DLI's determinations, and present his own evidence. This procedure satisfied due process. The notice requirements in RCW 7.68.120(2)(a) were not necessary to protect Herrera's due process rights. Therefore, we reject Herrera's due process claim.

CONCLUSION

We affirm the trial court's amended restitution order.

6

No. 51611-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

MELNICK, J.

GLASSGOW, J.