IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Respondent,<br><br>v.<br><br>CARL ALEXANDER HARRIS,<br><br>　　　　　　　　Appellant. | No. 84809-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Carl Harris appeals several legal financial obligations (LFOs), including a restitution order, imposed following his assault in the fourth degree domestic violence conviction. The State agrees that it failed to meet its burden of proof at the restitution hearing for medical expenses incurred after the offense date, but maintains that it should be allowed to submit new evidence supporting restitution on remand. We disagree. Harris specifically objected to certain expenses at the restitution hearing and the State is not permitted to introduce new evidence on remand. State v. Dennis, 101 Wn. App. 223, 229, 6 P.3d 1173 (2000). We accept the State's concession as to the other challenged LFOs.

We remand for the trial court to reduce the restitution amount to reflect only expenses up through December 29, 2018, to strike the Victim Penalty Assessment (VPA), the non-restitution LFO interest, and the costs of collecting LFOs. Because the record suggests that the trial court imposed the Domestic Violence Penalty (DVP) after

the prosecutor inaccurately stated the penalty was mandatory, the court may reconsider the DVP consistent with RCW 10.99.080. Because amended RCW 10.82.090 took effect after sentencing, but while this case was on appeal, the court may also reconsider its imposition of interest on restitution.

## FACTS[1]

After a jury convicted Harris of assault in the fourth degree domestic violence, the trial court imposed various LFOs. At sentencing in October 2022, the court asked "I don't think there are any mandatory fines, are there?" The prosecution responded, "I think there would be the $500 criminal assessment fee, along with the $100 domestic violence fee." The court then stated it "will impose those fees." The judgment and sentence reflect a $500 VPA and a $100 DVP. The pre-printed form included boilerplate language that required Harris to pay the costs of services to collect unpaid LFOs and interest on the imposed LFOs.

Without objection, the court reserved restitution for 180 days. The court held a restitution hearing on December 6, 2022. The State presented a lone ledger from the Crime Victims Compensation Program (CVCP) which listed $3,163.94 for the funds paid to the victim by the CVCP. The report, dated September 1, 2020,[2] identified at the top of the report the victim's name, the offender's name, the date of incident, and a cause number. The ledger was a list of procedures by shortened name only, dates, billed amounts, and paid amounts. The State did not submit any additional evidence. Harris's counsel observed that items in the CVCP ledger included events beyond December 29th that were not related to or flowed from the assault four conviction. Harris objected

---

[1] The facts underlying Harris's conviction are not relevant to this opinion.
[2] Harris was convicted on September 16, 2022.

2

to restitution "for any of the visits occurring after the initial exam on December 29th." The State disagreed and argued that "all of these expenses are causally related to the assault that Mr. Harris committed."

The trial court entered a restitution order for the full amount requested by State, $3,163.94, which matched the total sum from the CVCP ledger. The restitution order states that the defendant's obligation "shall bear interest from the date of this order until payment in full . . . . Only if the principal of the restitution is paid in full may the court consider reducing or waiving the interest."

Harris appeals.

## DISCUSSION

### Restitution

As to restitution, Harris appeals only those medical expenses for care *after* the victim's initial December 29 hospital visit.[3] Harris maintains that the State failed to meet its burden of proof at the restitution hearing and that portion of the restitution should be vacated.

The trial court's authority to order restitution is derived solely from statute. State v. Hahn, 100 Wn. App. 391, 397-98, 996 P.2d 1125 (2000). The statutes authorizing restitution for misdemeanors are RCW 9.95.210(2)(b) and RCW 9.92.060(2). State v. Marks, 95 Wn. App. 537, 539-40, 977 P.2d 606 (1999). The imposition of restitution "is generally within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). "A trial court abuses its discretion if its decision is manifestly unreasonable or

---

[3] The total amount challenged is $933.03.

based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Only losses which have a causal connection to the crime may be awarded restitution. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). A summary of medical treatment alone that "does not indicate why medical services were provided, fails to establish the required causal connection between the victim's medical expenses and the crime committed." State v. Bunner, 86 Wn. App. 158, 160, 936 P.2d 419 (1997). "Where a defendant disputes material facts for purposes of restitution, the sentencing court must either not consider those facts or grant an evidentiary hearing where the State must prove the restitution amount by a preponderance of the evidence." State v. Dedonado, 99 Wn. App. 251, 256, 991 P.2d 1216 (2000). When the State fails to meet its burden of proof following a specific objection, this court must vacate the restitution order. Dennis, 101 Wn. App. at 229.

The State concedes "that no testimony discussed follow-up care, nor was additional documentation submitted in support of the restitution sought for subsequent care." But the parties disagree as to the proper remedy. Harris asks that the portion of the restitution order listing post-December 29 medical expenses be vacated. The State asks us to permit the submission of additional evidence on remand.

The State's entire argument rests on the fact that the statutes governing misdemeanor restitution do not impose any express time limit on when the restitution hearing must be held.[4] See RCW 9.95.210(2) and RCW 9.92.060(2). This difference from the felony restitution statute, RCW 9.94A.753, the State argues, distinguishes the

---

[4] See Marks, 95 Wn. App. at 538-40 (holding that a trial court did not err in setting misdemeanor restitution hearing more than 180 days after sentencing).

holding from Griffith where the Supreme Court held in a felony case that "[i]ntroducing new evidence on remand would conflict with the statutory requirement that restitution be set within 180 days after sentencing." 164 Wn.2d at 968 fn. 6. But the issue in the instant case is not whether the trial court is required to set a restitution hearing within 180 days for a non-felony conviction. The trial court, in fact, elected to reserve restitution for 180 days and the hearing was set well within that timeframe. The issue is whether the State is allowed a second bite at the apple.

While it is true that restitution for felonies must be determined within 180 days of sentencing unless the court extends this period for good cause, that is not the only limitation on remanding for another restitution hearing. In Dennis, the trial court held the restitution hearing and entered the restitution order within the 180-day limit as required by RCW 9.94A.142,[5] but the State failed to establish the required causal connection between the injuries and the assault after defendant objected at the restitution hearing. 101 Wn. App. at 229-30. This court vacated the restitution order because the State failed to establish a causal connection between defendant's actions and the damages and "the State must not be given a further opportunity to carry its burden of proof after it fails to do so following a specific objection." Id. at 229. As an example, in Dennis we cited State v. McCorkle, 137 Wn.2d 490, 496, 973 P.2d 461 (1999) (refusing to allow the State to introduce new evidence on remand to prove defendant's prior out-of-state convictions after the State failed to carry its burden of proof at sentencing). The State cites to no authority supporting its assertion that it may be permitted to introduce new evidence on remand at a restitution hearing after it failed to carry its burden at a hearing

---

[5] Recodified as RCW 9.94A.753 effective July 1, 2001.

5

that was properly set where the defendant specifically objected. "'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'" State v. Logan, 102 Wn. App. 907, 911 fn. 1, 10 P.3d 504 (2000) (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

Because Harris does not challenge the entire restitution order, instead of vacating the order, the proper remedy is to remand and order that the trial court reduce the amount of restitution to exclude the amount requested for services after December 29, 2018.

Harris also asks us to direct the trial court to reconsider its order of interest on restitution in light of recent legislative amendments. LAWS OF 2022, ch. 260, § 12. As amended, RCW 10.82.090 permits the trial court to waive interest on restitution where the defendant is indigent and the "victim's input, if any" is considered by the trial court "as it relates to any financial hardship caused to the victim if interest is not imposed." The parties agree that Harris is indigent.

Though the amended statute went into effect after Harris's sentencing, it still applies to Harris because his matter is on direct appeal. State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023) (citing State v. Ramirez, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018)). The State agrees that on remand, the trial court could consider Harris' motion to waive interest on restitution consistent with the amended statute.

Other LFOs

As with other discretionary decisions, a trial court's decision of whether to impose LFOs is reviewed for abuse of discretion. State v. Moreno, 14 Wn. App. 2d 143, 166,

6

470 P.3d 507 (2020). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Marriage of Littlefield, 133 Wn.2d at 46-47. Failure to exercise discretion is an abuse of discretion. Kucera v. Dep't of Transp., 140 Wn.2d 200, 224, 995 P.2d 63 (2000).

A. Victim Penalty Assessment

The court imposed the $500 VPA under RCW 7.68.035, which was amended during the pendency of this appeal. LAWS OF 2023, ch. 449, § 27. The amended statute prohibits courts from imposing a penalty assessment "if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." RCW 7.68.035(4). The parties agree that the VPA should be stricken on remand. Ellis, 27 Wn. App. 2d at 16.

B. Domestic Violence Penalty

Harris argues that the court mistakenly imposed the $100 discretionary domestic violence penalty (DVP) fee after it had expressed an intent to waive any non-mandatory fees. The State concedes that the prosecutor had erroneously advised the trial court that the DVP, under RCW 10.99.080, was mandatory. But because the imposition of the DVP does not rest on the defendant's indigency, the State maintains, the matter should be remanded for the trial court's consideration. The DVP's

> focus on hardship to the victim indicates that courts may decline to impose the assessment if doing so would hinder the defendant's ability to meet financial obligations to the victim, such as restitution or child support. But if the assessment does not negatively impact the victim, then the penalty may be ordered without further concern for the defendant's financial circumstances or ability to pay.

State v. Smith, 9 Wn. App. 2d 122, 128, 442 P.3d 265 (2019). To the extent that the record suggests the court did not understand it had discretion to impose the DVP, we

7

agree that remand for the court to exercise its discretion, consistent with RCW 10.99.080, is appropriate.

## C. Discretionary costs

We agree with the parties that it appears the trial court inadvertently imposed the costs of collecting LFOs because of boilerplate language on the judgment and sentence form. The trial court is not to order a defendant to pay discretionary costs when he is indigent at the time of sentencing. Ramirez, 191 Wn.2d at 738-39 (citing former RCW 10.01.160(3)). A "trial court commit[s] procedural error by imposing a discretionary fee where it had otherwise agreed to waive such fees." State v. Bowman, 198 Wn.2d 609, 629, 498 P.3d 478 (2021). A "scrivener's error" is a clerical mistake that, when amended, would correctly convey the trial court's intention based on other evidence. State v. Davis, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). We remand for the trial court to strike the discretionary LFO collection fees. State v. Ortega, 21 Wn. App. 2d 488, 499-500, 506 P.3d 1287 (2022).

## D. Interest on non-restitution LFOs

The judgment and sentence included the following preprinted language: "[t]he financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." However, RCW 10.82.090(1) provides: "As of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." The trial court shall strike this provision from the judgment and sentence on remand. State v. Spaulding, 15 Wn. App. 2d 526, 537, 476 P.3d 205 (2020).

CONCLUSION

We vacate portions of the restitution order that includes payment for services beyond December 29, 2018 and remand to the sentencing court to correct the amount of restitution.  See State v. Dedonado, 99 Wn. App. 251, 257-58, 991 P.2d 1216 (2016). The trial court also shall strike the $500 VPA, the imposition of costs for collecting LFOs, and non-restitution interest.  On remand, the trial court may exercise its discretion in reconsidering the $100 DVP consistent with RCW 10.99.080, as well as imposition of interest on restitution consistent with RCW 10.82.090.

Coburn, J.

WE CONCUR:

Díaz, J.

Chung, J.