
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 75973-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JARED MICHAEL BUTCHER, | ) | |
| | ) | FILED: April 30, 2018 |
| Appellant. | ) | |
| | ) | |

APPELWICK, C.J. — Butcher appeals a restitution order entered after he pleaded guilty to assaulting and injuring Abbey. He argues that the court should have held an evidentiary hearing after he disputed material factors relevant to the restitution. And, he argues that the State did not establish a causal connection between the requested restitution and the assault. We reverse and remand.

## FACTS

The State initially charged Jared Butcher with second degree assault — domestic violence for acts he committed against his then wife, Terri Abbey.[1] Pursuant to a negotiated plea deal, the State reduced the charge to domestic violence assault in the fourth degree. On January 11, 2016, Butcher pleaded guilty to fourth degree assault. The trial court imposed the agreed upon recommended

---

[1] Many portions of the Clerk's papers refer to Abbey as "Terri Butcher," but it appears that Abbey changed her surname following her divorce. We refer to her as "Abbey."

sentence, which included 364 days of suspended jail time, chemical dependency treatment, and restitution.

At a restitution hearing on July 12, 2016, the State requested that Butcher pay a total of $45,546.04 in restitution. This request included $13,656.61 to Abbey for out-of-pocket medical and counseling expenses, $22,131.22 to BlueCross BlueShield for medical and counseling expenses, and $9,758.21 to the Crime Victims Compensation program. In support of its request, the State submitted more than 150 pages of documents. At the hearing, Butcher argued that the State failed to establish a causal connection between the amount sought and the assault for which he was convicted. The court noted the extensive documentation, and stated that it wanted to review the record again before issuing an order.

On July 21, 2016 the court issued a written order, directing the State to provide a declaration from Abbey to address

> first, the medical services received and the associated costs, including the nature of the need and services; second, the amount of compensation she received from the Crime Victims Compensation Fund for her loss of time at work, and show [how] much of [the] medical expenses w[ere] paid by the Crime Victim Compensation fund.

In a declaration dated July 27, 2016, Abbey wrote,

> As a result of the assault and injuries I sustained I required a lot of medical treatment. After the physical injuries were healed, I then required mental health treatment. I received medical services for a lacerated liver which required a CT scan, blood work, and a hospital admission. I was transported from one hospital to another by ambulance. After being released I had a follow up appointment, and required more blood work and another CT scan of the liver. I needed treatment for ongoing headaches, which required a head scan, and IV [(intravenous)] pain medications. I still continue to have frequent headaches. I saw my primary care physician multiple visits who

2

prescribed medications for depression, and diagnosed me with post-traumatic stress disorder. She prescribed medications for nightmares, and had me take a 6 month leave of absence from work. She referred me to a therapist who I saw on a weekly basis. She spoke with me, checked on how I was on the medications, and assessed my depression. My therapist then referred me to Harborview Sexual Assault Trauma clinic. I was assigned a counselor who I saw weekly for several months, and then weekly and biweekly for extensive counseling until I was released from her the beginning of April 2016. The purpose of these sessions was to help me deal with the trauma, get back to normal day to day life, and help me quickly be mentally ready to return to work where the assault would not disrupt me from doing my job functions. The counseling sessions focused entirely on the assault. Everything was billed to Blue Cross Blue Shield of North Carolina.

The end of August 2015, I began receiving wage loss from Crime Victim's after my personal time from my job had been exhausted. I received $9619.61 in wage loss from Crime Victim's Compensation, and they paid out $138.60 in medical. $113.17 was for an Emergency room visit, and $25.43 was for medical records.

I have reviewed all of the information in the restitution packet and declare that all of the information included in this packet was all related to the assault. The medical bills and time loss were all because of the incident. The counseling sessions were all because of the assault resulting in Post-Traumatic Stress Disorder.

The declaration was "misplaced," and no further action was taken until September 27, 2016 when the State inquired into the status of the case.

On September 30, 2016, the court held another restitution hearing. Butcher argued that the State's request for restitution was no longer timely, and that the State's evidence was insufficient to establish a nexus between the crime of conviction and the requested restitution. The court rejected Butcher's arguments and stated that it found Abbey's declaration persuasive. The court then ordered Butcher to pay the full restitution amount requested by the State. Butcher appeals.

## DISCUSSION

Butcher makes two arguments. First, he argues that the trial court denied him his right to due process by not granting an evidentiary hearing when he disputed material facts relevant to the requested restitution amount. Second, he argues that the State failed to prove the restitution amount by a preponderance of the evidence.

### I. Standard of Review

The authority to impose restitution is not an inherent power of the court, but is derived from statutes. State v. Soderholm, 68 Wn. App. 363, 377, 842 P.2d 1039 (1993). In the case at hand, the restitution award was based on Butcher's misdemeanor conviction. An award for restitution for a misdemeanor offense is authorized under RCW 9.92.060(2)(b) and 9.95.210(2)(b), both of which allow the court to require the defendant "to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question." Restitution orders, when authorized by statute, are reviewed for abuse of discretion. State v. Deskins, 180 Wn.2d 68, 77, 322 P.3d 780 (2014). A trial court abuses its discretion when a decision is manifestly unreasonable or based on untenable grounds or untenable reasons. Id.

### II. Due Process

Butcher first contends that he was denied his right to due process when the trial court required Abbey to submit a declaration after the first restitution hearing, instead of requiring the State to prove the contested restitution amount at an

4

evidentiary hearing. At the first restitution hearing, he claims that he: (1) challenged the connection between Abbey's medical expenses and the assault, (2) highlighted the nondescript terms in the medical bills the State presented and the fact that the bills spanned into 2016, (3) questioned why Abbey lost the ability to work in the middle of 2015, "months after" the assault, (4) questioned why the Crime Victims Compensation Fund's claim for lost wages listed Abbey's injury as June 4, 2015, and (5) challenged whether Abbey's psychiatric sessions were "purely focused on" the assault. Butcher argues that, without an evidentiary hearing, he was left without the opportunity to contest the State's evidence and Abbey's declaration.

Here, the trial court held two restitution hearings. The State submitted documentation to the court ahead of the first restitution hearing. The State's evidence included Abbey's insurance statements for medical costs she incurred after she was assaulted by Butcher. The statements do not contain information regarding Abbey's medical history or describe the precise reasons for the services. Under "types of service" they state reasons such as "ER [(emergency room)] visit," "outpatient hospital" "medical services," "office visit(s)," and "outp[atien]t psychiatric." The State did not offer testimony from Abbey or her treatment providers, or submit medical records with details establishing that the medical treatments were for injuries resulting from the assault.

At the first restitution hearing, Butcher argued that the State's documentation did not meet its burden of proving the restitution amount by a

5

preponderance of the evidence. He argued that the medical documents provided were insufficient because they were "nondescript medical bills," and there was no evidence that the assault to which Butcher pleaded guilty resulted in these medical expenses. He also argued that the documents supporting the amount of lost wages Abbey claimed did not have the requisite details. The trial court did not hold an evidentiary hearing, but instead required the State to provide a declaration from Abbey. It directed Abbey to address the nature of her medical needs and services, as well as the amount of compensation she received from the Crime Victims Compensation Fund for her loss of time at work. Those convicted under RCW 9.94A.530(2) have a statutory right to an evidentiary hearing if they dispute facts at sentencing. An evidentiary hearing is a hearing at which evidence is presented, as opposed to a hearing at which only legal argument is presented. BLACK'S LAW DICTIONARY 836 (10th ed. 2014). Chapter 9.94A RCW applies only to felonies. Deskins, 180 Wn.2d at 78. The State argues that this statute does not apply to Butcher, who was convicted of fourth degree assault, a gross misdemeanor. This is true and the misdemeanor restitution statutes do not contain a similar requirement. See RCW 9.92.060(2) and 9.95.210(2).

But, as the State acknowledges, due process requires that the defendant have a meaningful opportunity to refute evidence offered by the State for restitution. See State. v. Pollard, 66 Wn. App. 779, 784-85, 834 P.2d 51 (1992). Here, neither the first nor the second hearing provided Butcher such an opportunity. The trial court erred in failing to hold an evidentiary hearing.

III.   Restitution Amount

Butcher argues that the State failed to meet its burden of proving the restitution amount.   Butcher disputed the causal connection between the claimed costs for restitution and his convicted assault.

The amount of restitution must be supported by substantial credible evidence to ensure the award is not based on speculation or conjecture.  Kisor, 68 Wn. App. at 620.  And, the State must establish a causal link between the crime and the victim's damages.  State v. Bunner, 86 Wn. App. 158, 160, 936 P.2d 419 (1997).

Causation between a defendant's charged actions and a victim's claimed losses is not established simply because a victim or insurer submits proof of expenditures.  Dedonado, 99 Wn. App. at 257.  A summary of medical expenses that does not indicate the reason for the services provided is insufficient to establish a causal connection between the victim's medical expenses and the defendant's criminal actions.  Bunner, 86 Wn. App. at 160; State v. Hahn, 100 Wn. App. 391, 400, 996 P.2d 1125 (2000).  Testimony, including from the victim, that claimed expenses were caused by the defendant's charged actions can be sufficient to establish causation.  State v. Blanchfield, 126 Wn. App. 235, 241-42, 108 P.3d 173 (2005).  There the victim testified that the medical charges for her emergency room visit three days after she was assaulted were related to the assault, as were charges for orthopedic follow-ups and physical therapy.  Id. at 242.

Here, Abbey's medical bills range in date from December 18, 2014 to February 19, 2016, and until March 18, 2016 for psychiatric visits. Butcher assaulted Abbey on December 11, 2014. The trial court apparently recognized the State had not met its burden in establishing that the medical costs were causally related to Butcher's conviction, because it solicited specific information in declaration form from the victim to provide the evidence of causation. Under Pollard, due process includes an opportunity to refute the evidence presented and requiring that the evidence be reliable. See 66 Wn. App. at 784-85. While the amount need not be proven with specific accuracy, it must be causally connected to the crime. See Id. at 785; See also Bunner, 86 Wn. App. at 160. Butcher disputed the fact of causality. Unlike in Blanchfield, there was no live testimony and he was not given an opportunity at a hearing to challenge the victim's basis for declaring the costs were causally connected. The medical records did not per se establish that Abbey's treatment costs were incurred to treat injuries caused by Butcher's convicted actions. As the award turned solely on the victim's declaration that the expenses were causally connected, a hearing to cross-examine the basis of that declaration was warranted to satisfy due process concerns of ascertaining the reliability of her assertions.

Therefore, we conclude that the trial court abused its discretion when it ordered Butcher to pay the State's requested restitution. We reverse and remand for an evidentiary hearing at which the State may submit additional evidence establishing a causal connection between Butcher's convicted assault and

8

Abbey's claimed medical expenses and claimed lost wages. See State v. Gonzalez, 168 Wn.2d 256, 266, 226 P.3d 131 (2010) (holding that the total amount of restitution may be modified during any period of time the offender remains under the court's jurisdiction); RCW 9.94A.753(4).

IV.    Statement of Additional Grounds

In a Statement of Additional Grounds for Review, Butcher argues that (1) the majority of the restitution the trial court ordered is not related to his convicted assault, and (2) that Abbey informed him that "the total medical expense was $2,200 about." As we have already concluded that the trial court abused its discretion in not holding an evidentiary hearing and ordering the requested restitution, we do not address these grounds.

Reversed and remanded.

Appelwick

WE CONCUR:

Cox, J.