**FILED**
**OCTOBER 17, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39405-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MIREY CRUZ HERNANDEZ, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Mirey Cruz Hernandez challenges the sentencing court's award

of restitution after Hernandez's conviction for stabbing his roommate, Isidro Rodriguez

Mellado. Because sufficient evidence supports the award and because the restitution

hearing did not violate constitutional requirements, we affirm.

## FACTS

Appellant Mirey Cruz Hernandez and victim Isidro Rodriguez Mellado worked at

an apple orchard in Mattawa. Rodriguez leased an apartment that he allowed Hernandez

to occupy with him.

On September 1, 2021, Isidro Rodriguez Mellado returned from the orchards to his

apartment after a day's work. As Rodriguez rested his lunchbox in the kitchen, Mirey

Cruz Hernandez exclaimed: "'I'm going to pay you back for what you did to me.'"

Hernandez, with a knife in hand, lunged at Rodriguez three times, stabbing Rodriguez

above the stomach on the third attempt.  Rep. of Proc. (Dec. 1-3, 2021) at 252, *State v.*

*Cruz Hernandez*, No. 38684-8-III (Wash. Ct. App.).  Rodriguez grabbed a chair to defend

himself, backed away, and exited the apartment.

Isidro Rodriguez Mellado drove himself to a clinic in Mattawa.  Clinic staff

provided emergency treatment and then moved Rodriguez to Kadlec Medical Center, in

Richland, where he stayed for one night.

PROCEDURE

A jury convicted Mirey Cruz Hernandez of the crime of second degree assault

with a deadly weapon.  In a previous opinion, we affirmed the conviction.

The State moved the trial court for an order setting restitution to be paid to

Washington's crime victims compensation program (CVCP) in the amount of $13,129 for

the hospital bills the State paid for treatment to Isidro Rodriguez Mellado.  The State

attached a CVCP cost ledger to its motion, which ledger itemized the bill based on the

various procedures undergone by Isidro Rodriguez Mellado.  The submittal did not

include any bills from the Mattawa clinic.  The ledger suggested that Kadlec Medical

Center charged the entire $13,129.

In November 2022, the sentencing court conducted a hearing on the restitution

motion.  During the hearing, the State told the court it relied on three exhibits to prove the

amount of restitution: a picture of the stab wound, the CVCP cost ledger, and the victim's

medical records from Kadlec Medical Center. The cost ledger and the medical records listed the date of September 1, 2021, the date of the stabbing.

Mirey Cruz Hernandez objected to the requested restitution. He argued that the State must lay a foundation for the exhibits through a witness, that the exhibits did not establish a causal connection between his crime and the costs on the ledger, and that the hearing procedure violated due process. Based on these objections, the sentencing court ordered a two-week continuance to allow defense counsel time to review the State's evidence. The court also requested briefing on the due process requirements for restitution. The parties complied.

The sentencing court resumed the restitution hearing in December 2022. The State reminded the court that it previously marked three exhibits. Mirey Cruz Hernandez renewed his objections to the exhibits and the hearing process. In particular, Hernandez argued that the court could not consider the cost ledger because no witness testified to the source of the charges listed or the reason for payment. Also, no witness connected the costs on the ledger to the stabbing. Hernandez also objected to consideration of the the medical records because no witness explained the reason for the procedures or connected the medical procedures to the stabbing. Hernandez did not demand a jury trial on the restitution amount.

The sentencing court admitted the cost ledger as an exhibit because of the relaxed evidentiary rules during restitution hearings. Any lack of identification by a witness went to the exhibit's weight, not admissibility, according to the court. The court also admitted the medical records, but declined to admit the photograph of the stab wound as an exhibit.

The sentencing court awarded the State the entire $13,129 requested. The court noted that restitution need not be proven with accuracy. Evidence is sufficient if it affords a reasonable basis for the loss. The court added that the cost ledger would have been insufficient to prove the amount of restitution by itself but the medical records documented that the procedures on the ledger resulted from a stab wound. According to the sentencing court, the medical records did not explain every single treatment listed on the cost ledger, but case law did not require an explanation of every procedure. The court emphasized that the cost ledger and medical records contained the same date as the stabbing.

## LAW AND ANALYSIS

On appeal, Mirey Cruz Hernandez contends insufficient evidence supports the restitution award of $13,129, he should have been afforded a jury trial, and the procedure leading to the award denied him due process. We address each argument in such order.

4

Sufficiency of Evidence

Mirey Cruz Hernandez argues that the State failed to present sufficient evidence to establish the amount of the restitution and a causal relationship between his crime and the treatment. RCW 9.94A.753 governs restitution. The statute declares in relevant part:

> (3)(a) Except as provided in subsection (6) of this section, restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses, but may include the costs of counseling reasonably related to the offense. The amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime.
> . . . .
> (5) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property or as provided in subsection (6) of this section unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record. . . .
> . . . .
> (7) Regardless of the provisions of subsections (1) through (6) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW.

The facts supporting a restitution award must be proved by a preponderance of the evidence. *State v. Kinneman*, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). The preponderance of the evidence standard requires demonstration that the proposition at issue is more probably true than not true. *State v. Arredondo*, 188 Wn.2d 244, 257, 394

P.3d 348 (2017). While the claimed loss need not be established with specific accuracy, the State must support the award with substantial credible evidence. *State v. Deskins*, 180 Wn.2d 68, 82, 322 P.3d 780 (2014). Evidence suffices if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture. *State v. Deskins*, 180 Wn.2d 68, 82-83 (2014). Courts may rely on a broad range of evidence, including hearsay, because the rules of evidence do not apply to sentencing hearings. ER 1101(c)(3); *State v. Deskins*, 180 Wn.2d 68, 82-83 (2014). We review restitution orders for an abuse of discretion. *State v. Deskins*, 180 Wn.2d 68, 77 (2014).

In *State v. Deskins*, the defendant was convicted of animal cruelty. During the initial investigation, law enforcement seized 37 dogs from the defendant's property and sent them to an animal shelter for care. The trial court ordered the defendant to pay restitution to the sheriff's office for the costs it incurred for transport to the shelter. The court concluded that the State's evidence of restitution sufficed because of submittal of the bills sent to the sheriff's office for the cost of caring for the animals by the organization providing the care.

We would have preferred that the State present the actual bills from Kadlec Medical Center for the care of Isidro Rodriguez Mellado rather than a cost ledger. Still we consider the documentation sufficient. The ledger showed the bills were incurred on

the day of the stabbing for the care of Rodriguez. The line items on the ledger coincide with a stabbing wound and the medical records submitted to the sentencing court.

We also disagree that the State failed to show a causal connection between Mirey Cruz Hernandez's crime and the bills for Isidro Rodriguez Mellado's treatment. Restitution is allowed only for losses causally connected to the crime committed by the defendant. *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). Losses are causally connected if, but for the charged crime, the victim would not have incurred the loss. *State v. Griffith*, 164 Wn.2d 960, 965 (2008).

Mirey Cruz Hernandez relies on *State v. Bunner*, 86 Wn. App. 158, 936 P.2d 419 (1997), when arguing that a summary of medical treatment that does not indicate why medical services were provided fails to establish a causal connection between the victim's medical expenses and the crime committed. We deem *Bunner* distinguishable. In *State v. Bunner*, the State presented the trial court with only a medical recovery report that listed medical services charged and amounts the State had paid. The trial court awarded restitution based on the lone report by inferring that the charges would not have been paid if they were not related to the defendant's crimes. The sentencing court even commented that he could not otherwise divine a causal relationship between the medical charges and the crime.

7

At Mirey Cruz Hernandez's restitution hearing, the State provided more than a list of charges paid. The State also introduced hospital medical records from the date of the stabbing that listed the victim's name on every page, described the condition of the victim, and detailed the treatment provided to the victim.

Mirey Cruz Hernandez argues that the cost ledger failed to declare that the treatment was medically necessary. He further criticizes some of the charges as duplicative, speculative, or unrelated to the crime. He particularly emphasizes a cost for a COVID-19 test. Hernandez, however, cites no authority that requires the State to explain the need for each itemized cost when the sole purpose of the treatment was for wounds suffered as a result of the crime. Without Hernandez having stabbed Isidro Rodriguez Mellado, Rodriguez would not have needed to go enter the hospital for treatment on September 1, 2021 and incurred the costs listed on the ledger sheet. The medical center may have required that all admittees undergo COVID testing to safeguard hospital staff and other patients.

Jury Trial

Mirey Cruz Hernandez contends that the Sixth Amendment to the United States Constitution and article I, section 21 of the Washington Constitution guaranteed him the right to a jury trial on the restitution award. Hernandez never asserted this argument before the sentencing court. Therefore, we deny review of the assignment of error.

8

An appellant may raise some constitutional errors for the first time on appeal if the appellant shows a manifest constitutional error. RAP 2.5(a)(3). To raise a manifest error on appeal, an appellant must demonstrate that the error is manifest and the error is truly of constitutional dimension. *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). Manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law. *State v. O'Hara*, 167 Wn.2d 91, 100 n.1 (2009). Hernandez cites no decision that holds an offender is entitled to a jury trial on the question of restitution.

Due Process

Mirey Cruz Hernandez next contends that the sentencing court violated due process by conducting a hearing without providing him with an opportunity to confront the State's evidence and when relying on unreliable evidence. Hernandez highlights that the State brought no witness to the restitution hearing for the purpose of authenticating the medical records and cost ledger. This assignment of error leaks into Hernandez's argument that insufficient evidence supported the award of restitution.

Due process requires that the defendant must have an opportunity to refute the evidence relied on by the sentencing court. *State v. Strauss*, 119 Wn.2d 401, 418-19, 832 P.2d 78 (1992). The sentencing court postponed the restitution hearing two weeks to afford Mirey Cruz Hernandez an opportunity review the State's records. Hernandez

9

could have called a witness to contradict the State records. Hernandez had full opportunity to argue against the reasonableness of the amount and the causal relation between the bills and the injuries to Isidro Rodriguez Mellado.

Due process requires that evidence relied on by a sentencing court must be "reasonably reliable." *State v. Strauss*, 119 Wn.2d 401, 418-19 (1992). Nevertheless, rules of evidence do not apply during restitution hearings, and the State carries a lessened, more probably true than not true, burden of proof. ER 1101(c)(3); *see State v. Kinneman*, 155 Wn.2d 272, 285 (2005). We have already ruled that the cost ledger and medical records sufficed to establish, by a preponderance of evidence, the amount of restitution and a causal connection between Mirey Cruz Hernandez's crimes and the victim's treatment. Hernandez cites no case law that requires the State to authenticate its records during the restitution hearing. When no authorities are cited in support of a proposition, we are not required to search out authorities, but may assume that counsel, after a diligent search, has found none. *State v. Manajares*, 197 Wn. App. 798, 810, 391 P.3d 530 (2017).

## CONCLUSION

We affirm the superior court's award of restitution against Mirey Cruz Hernandez.

No. 39405-1-III
*State v. Hernandez*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:


_____
Lawrence-Berrey, J.

_____
Staab, J.

11